REGAN, Judge.
The plaintiff, Harold Gallow, a skilled carpenter, filed this suit against the defendant, Wilson P. Abraham Construction Company, endeavoring to recover the sum of $14,000.00, in conformity with the provisions of the Louisiana Workmen’s Compensation Statute relating to total and permanent disability which he asserts he incurred during the course and scope of his employment with the defendant as the result of an injury to his right thumb and hand.
The defendant answered and denied that the plaintiff was totally and permanently disabled, and asserted therein that he was fully capable of resuming his former occupation as a carpenter.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff in the amount of $14,000.00 for total and permanent disability.[1] From that judgment, the defendant has prosecuted this appeal.
The record reveals that the plaintiff, a skilled carpenter, cut his right hand in the area of the thumb while engaged in lifting part of a toilet fixture located in a residence which his employer was repairing or renovating. As a result thereof, three tendons in his hand were severed.
There exists no dispute as to the occurrence of the accident or that it falls within the purview of the Louisiana Workmen’s *681 Compensation Statute. The only dispute involves the totality of his disability as a carpenter since the occurrence of this injury to his thumb and hand.
The plaintiff’s uncontradicted testimony clearly discloses that since he sustained this injury he is unable to wield a hammer in a normal or comfortable manner. He explained that after a short interval of hammering, his hand becomes numb, which prevents him from properly holding the tool and that the thumb is so weak that he is unable to use it in connection with any weight-bearing tasks.
The medical evidence submitted to the trial judge for his evaluation substantially confirms the foregoing testimony of the plaintiff. He was originally treated by Dr. Marvin Ettinger, who endeavored to repair the severed tendons of his right hand. Later he engaged the services of Dr. Jack L. Winters, an orthopedic surgeon, and Dr. Francis T. Gidman, a general surgeon. Both Dr. Winters and Dr. Gidman estimate the medical percentage of disability of the plaintiff’s right hand at 10% and of the thumb at 25%. All doctors agree that there is a substantial reduction in the range of motion of the plaintiff’s right thumb, and there is no serious dispute as to the subjective complaints of pain experienced by him.
The plaintiff endeavored to resume his usual employment with the defendant, but after a trial period, he was placed on lighter work at a reduced wage; since then he has never been able to resume his former occupation.
In the landmark case of Knispel v. Gulf States Utilities Co.,[2] the organ for the Supreme Court crystalized the rationale emanating from the jurisprudence to the effect that an individual is totally disabled when, because of an injury, he is unable to perform work of the same or similar description as that which he is accustomed to perform. Moreover, the exact medical percentage of disability is not definitive as to the totality of the incapacity incurred by the person as the result of an injury.
The foregoing illucidation reveals that the only pertinent question posed for the trial court’s consideration, predicated on the foregoing lay and medical evidence, was one of fact, and that is whether the plaintiff actually incurred total and permanent disability as- a result of this accident. The judge thereof obviously accepted the plaintiff’s testimony together with the medical evidence submitted by both him and the defendant in finally determining his inability to resume his former occupation.
The significant question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing lay testimony or by endeavoring to reconcile any minor discrepancies which may exist in the medical testimony. The trial judge, to reiterate, found as a fact that the plaintiff had incurred total and permanent disability as the result of this injury, and our analysis of the record convinces us that the evidence preponderates to this affect and the judgment is, therefore, correct.
It need only be said in response to counsel’s contention that the plaintiff’s disability may not be permanent is that the defendant, in cases of this nature, should avail itself of the pertinent provision of the Workmen’s Compensation Act which affords it the right to reopen the case after the lapse of six months for an additional medical evaluation relative to the totality and permanency of his injury.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. In addition, the lower court rendered judgment for all medical and incidental expenses up to the maximum sum of $2,-500.00, as prayed for in the petition.

. 174 La. 401, 141 So. 9 (1932).